# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MALIQUE GREEN,

    Petitioner,

vs.

CONRAD HAFEN, et al.,

    Respondents.

Case No. 2:14-cv-01213-JAD-PAL

**ORDER**

    Petitioner has submitted a petition for a writ of habeas corpus (#1). The court has reviewed it, and petitioner will need to show cause why the court should not dismiss this action, both for lack of jurisdiction and for failure to exhaust available state-court remedies.

    The court takes judicial notice of the on-line docket of the Las Vegas Justice Court in State v. Green, Case No. 14M06737X.[1] Petitioner was charged with making a false statement to a public officer and with drug possession. After a bench trial on August 4, 2014, petitioner was found guilty on the drug possession charge and sentenced to time already served in jail. The false-statement charge was dismissed. Petitioner did not appeal the judgment of conviction to the state district court.

    First, it appears that petitioner no longer is in custody. His sentence expired on the day of the trial. If the sentence has expired, and there are no other lasting consequences from the judgment

---

[1] https://www.clarkcountycourts.us/LVJCCriminal/CaseDetail.aspx?CaseID=11320885 (report generated October 15, 2014).

of conviction, then petitioner is not in custody, and this court lacks jurisdiction to consider the petition. Maleng v. Cook, 490 U.S. 488, 490-92 (1989); 28 U.S.C. §§ 2241(c).

Second, it appears that petitioner has not exhausted his available state-court remedies. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982). Nevada law permits an appeal from the final judgment of the justice court to the state district court. See Nev. Rev. Stat. § 177.015(1)(a). Petitioner did not appeal the judgment of conviction. Consequently, this court cannot consider his claims.

IT IS THEREFORE ORDERED that petitioner shall have 30 days from the date of entry of this order to show cause why the court should not dismiss this action for lack of jurisdiction and for failure to exhaust available state-court remedies. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance within 20 days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: October 16, 2014

_____
JENNIFER A. DORSEY
United States District Judge